# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Matthewson, | ) | No. CV 10-02235-PHX-NVW (LOA) |
| Petitioner, | ) ) | |
| v. | ) | **ORDER** |
| | ) | **and** |
| | ) | **CERTIFICATE OF APPEALABILITY** |
| Charles L. Ryan, et al., | ) ) | |
| Respondents. | ) | |

Pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge Anderson (Doc. 16) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R (Doc. 16 at 21 (citing 28 U.S.C. § 636(b)(1)). Petitioner filed objections on December 9, 2011 (Doc. 17) and the Court heard oral argument on January 13, 2012.

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the R&R to which specific objections are made). The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate").

At oral argument, the Court inquired about petitioner's argument that he received ineffective assistance of counsel because his defense attorney chose not to call an expert regarding the three blood samples taken from petitioner on the night of the collision. The thrust of petitioner's argument is that inconsistencies between the blood alcohol levels found in those samples as compared to each other and a horizontal gaze nystagmus (HGN) test administered soon after the accident, if explained by an expert, would have almost certainly raised a reasonable doubt about petitioner's level of intoxication at the time of the accident. The Court agrees that this evidence, if explained appropriately, could raise a reasonable doubt in the minds of rational jurors.

Petitioner's defense attorney, in a post-conviction interview, admitted the significance of the blood sample and HGN evidence and explained that he made a strategic choice to elicit relevant facts through the state's witnesses, rather than through his own expert, because he believes that juries often perceive defense experts as "intellectual prostitutes." The strategy is debatable but does not itself amount to ineffective assistance. The Court's own review of the attorney's pre-trial interview with the state's blood-test expert, his questioning of that expert at trial, and his closing argument shows that petitioner's defense attorney indeed pursued such a strategy, although not very skillfully. Nonetheless, the attorney's failure to carry it out with polish does not render his assistance ineffective. The attorney elicited the relevant facts and made an argument based on them. The argument was before the jury and the jury did not accept it.

Insofar as the Magistrate Judge also ruled on any non-dispositive matters, error may not be assigned to any defect in those rulings to the extent that an aggrieved party did not file a timely objection. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 10 days after being served with a copy [of the magistrate's order]. A party may not assign as error a defect in the order not timely objected to."). The absence of a timely objection precludes later assignment of error in this court or in any higher court of the non-

dispositive rulings of a magistrate judge. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Philipps v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge (Doc. 16) is accepted.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, the Court FINDS: a Certificate of Appealability is GRANTED. Reasonable jurists could disagree whether Petitioner's defense attorney at trial actually pursued the stated strategy of eliciting evidence regarding the inconsistencies between his blood tests and HGN test through the state's witnesses. Petitioner has made a substantial showing of the denial of the constitutional right to effective assistance of counsel.

DATED this 16th day of February, 2012.

_____
Neil V. Wake
United States District Judge